PLAYERS THEATRE OF COLUMBUS FOUNDATION, APPELLANT, *v.* KINNEY, COMMR., APPELLEE.

(No. 82AP-795—Decided September 15, 1983.)

Messrs. Squire, Sanders & Dempsey, Mr. Frederick L. Fisher, Mr. Jules L. Garel, Mr. David W. Alexander and Mr. William H. Conner, for appellant.

Messrs. Porter, Wright, Morris & Arthur and Mr. Christopher D. Trail, for amicus curiae, Greater Columbus Arts Council.

Mr. Anthony J. Celebrezze, Jr., attorney general, and Mr. Richard C. Farrin, for appellee.

Cook, J. This is an appeal from a decision of the Board of Tax Appeals affirming a decision of the Commissioner of Tax Equalization, Robert R. Kinney, which denied the application of Players Theatre of Columbus Foundation, appellant herein, for a tax exemption for real property owned by it and located at 547-549 Franklin Avenue, Columbus, Ohio.

Appellant has filed the following three assignments of error:

"1. The Board of Tax Appeals erred in finding that the primary activity of appellant is to provide its members with a type of recreation or avocation and that enjoyment of Appellant's resources is limited to Appellant's members.

"2. The Board of Tax Appeals erred in finding that Appellant's real property is not used exclusively for charitable purposes within the meaning of R.C. 5709.12.

"3. The Board of Tax Appeals erred in finding that Appellant's real property is not used as 'a community or area center in which presentations in music, dramatics, the arts and related fields are made in order to foster public interest and education therein * * *' as defined in R.C. 5709.121(A)(1)."

The assigned errors are well-taken.

The exemption of real property belonging to a charitable institution from taxation in Ohio is controlled by R.C. 5709.12 and 5709.121. Statutes granting exemptions from taxation are to be strictly construed. *White Cross Hospital Assn.* v. *Bd. of Tax Appeals* (1974), 38 Ohio St. 2d 199, 201 [67 O.O.2d 224].

R.C. 5709.12 provides:

"Lands, houses, and other buildings belonging to a county, township, or municipal corporation and used exclusively for the accommodation or support of the poor, or leased to the state or any political subdivision for public purposes shall be exempt from taxation. Real and tangible personal property belonging to institutions that is used exclusively for charitable purposes shall be exempt from taxation. All property owned and used by a non-profit organization exclusively for a home for the aged, as defined in section 5701.13 of the Revised Code, shall also be exempt from taxation. Provided, however, that taxes which became a lien on the real property of the applicant, prior to January 1, 1967, shall not be remitted."

R.C. 5709.121 provides:

"Real property and tangible personal property belonging to a charitable or educational institution or to the state or a political subdivision, shall be considered as used exclusively for charitable or public purposes by such institution, the state, or political subdivision, if it is either:

"(A) Used by such institution, the state, or political subdivision, or by one or more other such institutions, the state, or political subdivisions under a lease, sublease, or other contractual arrangement:

"(1) As a community or area center in which presentations in music, dramatics, the arts, and related fields are made in order to foster public interest and education therein;

"(2) For other charitable, educational, or public purposes;

"(B) Otherwise made available under the direction or control of such institution, the state, or political subdivision for use in furtherance of or incidental to its charitable, educational or public purposes and not with the view to profit."

In denying appellant's application for tax exemption for the Franklin Avenue property, the Board of Tax Appeals concluded appellant was not a "charitable institution" nor an "educational institution" within the meaning of R.C. 5709.121 and, therefore, the subject property on Franklin Avenue could not qualify for exemption regardless of its use. The board further concluded that, even if appellant was a "charitable institution" or an "educational institution" within meaning of R.C. 5709.121, the Franklin Avenue property did not meet the "use" requirements prescribed by R.C. 5709.121.

In reaching its above conclusions, the Board of Tax Appeals reasoned (1) that the definition of a "charitable corporation" found in R.C. 1702.01(D) has "* * * no application or controlling effect for purposes of R.C. [Chapter] 5709, under which the present exemption is being sought"; (2) appellant's corporate purpose clause states that "it is organized and shall be operated exclusively for educational purposes"; (3) that appellant is not a "a public institution of learning" within the meaning of R.C. 5709.07 and therefore not an "educational institution" within the meaning of R.C. 5709.121; (4) that "the primary activity of appellant is to provide its membership with a type of recreation or avocation, i.e., to provide the membership with an opportunity to be involved in and take part in the preparation and performance of plays. Tickets are sold for such performances of drama, which in substance and effect, subserves the financial and acting interests of the membership participants. In any event, the subject property is *not used exclusively for charitable purposes* in the context of R.C. 5709.12; (5) that appellant "is neither a 'charitable institution' nor an 'educational institution' in the context of R.C. 5709.121, and since the subject property for which exemption is here being sought does not belong to either type of institution, such property cannot qualify for exemption from taxation pursuant to such provision, irrespective of the use made of such property"; and, (6) assuming *arguendo* that appellant is a "charitable institution" or an "educational institution" within the meaning of R.C. 5709.121, the subject real property "does not qualify with reference to the 'use' requirements prescribed by R.C. 5709.121, for the reasons set forth in the final determination of the Commissioner * * *."

In the instant cause, in determining whether appellant's real property should be exempted from taxation pursuant to R.C. 5709.12 and 5709.121, there are two requirements that must be met. First, appellant must qualify as a "charitable institution." Second, the subject property must be "used exclusively for charitable purposes." It should be noted that appellant did not seek exemption for the subject property as an "educational institution."

A "charitable institution" is an organization which is involved, as an instrumentality, in the dispensing of charity.

In *Planned Parenthood Assn.* v. *Tax Commr.* (1966), 5 Ohio St. 2d 117 [34 O.O.2d 251], the Ohio Supreme Court, in paragraph one of the syllabus, held:

"In the absence of a legislative definition, 'charity,' in the legal sense, is the attempt in good faith, spiritually, physically, intellectually, socially and economically to advance and benefit mankind in general, or those in need of advancement and benefit in particular, without regard to their ability to supply that need from other sources, and without hope or expectation, if not with positive abnegation, of gain or profit by the donor or by the instrumentality of the charity."

The term "charity," for Ohio tax exemption purposes, includes the purpose of encouraging education in the arts. *Cleveland Bible College* v. *Bd. of Tax Appeals* (1949), 151 Ohio St. 258 [39 O.O. 70]; *Gerke* v. *Purcell* (1874), 25 Ohio St. 229.

In *Gerke,* the Ohio Supreme Court, in paragraph four of the syllabus, held:

"A charity, in a legal sense, includes not only gifts for the benefit of the poor, but endowments for the advancement of learning, or institutions for the encouragement of science and art, without any particular reference to the poor."

The inclusion of advancement in the arts within the definition of charity has been applied by the Ohio Supreme Court in cases other than tax exemption cases. In *Waddell* v. *Y.W.C.A.* (1938), 133 Ohio St. 601 [11 O.O. 312] (a negligence case), the court, at pages 604-605, stated:

"Charity is not aid to the needy alone,

but it embraces and includes all which aids man and seeks to improve his condition. Diffusion of useful knowledge, the acquirement of the knowledge of arts and sciences and the advancement of learning without any particular reference to the poor are considered charitable objects. * * *'' (Citations omitted.)

That the term "charity" includes encouraging education in the arts is clear by the General Assembly's enactment of R.C. 5709.121(A)(1) which, as quoted earlier, states that real property belonging to a charitable institution shall be considered as used exclusively for charitable purposes if it is used as a community or area center in which there are presentations made in the various arts, including dramatics.

In *Planned Parenthood Assn.* the court, in paragraph three of the syllabus, held:

"That one or more persons receiving the benefits of a charitable institution have the means, in whole or in part, to purchase those benefits in the market place or that some consideration is exacted from them on receipt of the benefits does not detract from the charitable character of the institution."

In the instant cause, the Board of Tax Appeals made no findings of facts but solely set forth conclusions of law. Said conclusions were based primarily on R.C. 5709.07, "Exemption of schools, churches and colleges," which has no application to appellant's request for tax exemption as a charitable institution.

The decision of the Board of Tax Appeals was unreasonable and unlawful.

For the foregoing reasons, the decision is reversed and the cause is remanded to the Board of Tax Appeals for further proceedings consistent with this decision.

*Decision reversed and cause remanded.*

WHITESIDE, P.J., and MOYER, J., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.